# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH TRUJILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>WINCO FOODS, LLC, *et al.*,<br><br>    Defendants.<br>_____ / | CASE NO. CV F 07-1084 LJO WMW<br><br>**ORDER ON PLAINTIFF'S MOTION TO DELETE AND DISMISS CLAIMS AND REMAND** |

## I. INTRODUCTION

In this employment compensation dispute, Plaintiff Joseph Trujillo ("Mr. Trujillo") seeks leave to dismiss all federal law claims and asks this Court to decline to exercise supplemental jurisdiction over the remaining state law claims and remand this action back to the state court where it originated. Defendant Winco Foods, LLC ("Winco") does not oppose dismissal of the federal law claims, but opposes remand. Because the pre-condition of 28 U.S.C. §1367(c)(3) exists, and considering the values of economy, fairness, convenience and comity, this Court grants Mr. Trujillo's motion to dismiss his federal law claims, declines to exercise jurisdiction over the remaining state law claims, and remands this action to state court for further proceedings.

## II. BACKGROUND

On June 6, 2007, Mr. Trujillo, on behalf of himself and others similarly situated, filed his complaint with the California Superior Court for the County of Stanislaus. The complaint alleges the following claims against Winco: (1) failure to pay overtime compensation in violation of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C.§ 201 *et seq* (first and third causes of action); (2) a violation of Cal. Bus. & Prof. Code §17200 *et seq.*, for failure to pay overtime compensation required by state and federal law (causes of action two and five); and (3) a violation of Cal. Labor Code §200 *et seq*. Winco filed its answer and removed this action to this Court on July 25, 2007.

On September 20, 2007, Mr. Trujillo filed the instant motion, seeking: (1) to delete all federal claims pursuant to Fed. R. Civ. P. 15, and (2) to dismiss the remaining state law claims pursuant to 28 U.S.C. §1367(c) and remand this action back to state court. Winco filed an opposition on October 5, 2007. Mr. Trujillo filed a response on October 15, 2007. This Court considered the parties' arguments, finds this motion suitable for review without a hearing pursuant to Local Rule 78-230(h), and issues the following order.

### III. DISCUSSION

**A.   Dismissal of Federal Law Claims**

Mr. Trujillo seeks to amend his complaint to dismiss the federal law claims contained in the first, second, third, and fifth causes of action. Mr. Trujillo"has decided to abandon these claims and requests that this Court grant his motion to amend the Complaint to delete those claims." Winco does not oppose Mr. Trujillo's request to amend his complaint to delete the federal claims.

Fed. R. Civ. P. 15(a) authorizes a party to amend its pleading "only by leave of court...and leave shall be freely given when justice so requires." "Lower federal courts heed carefully the command of [Fed. R. Civ. P.] 15(a)...by freely granting leave to amend when justice so requires." *DCD Programs, Ltd., v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citing *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986). However, "leave to amend is not granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1386 (9th Cir. 1989).

In considering a motion to amend the complaint, the Court considers prejudice to the opposing party, undue delay in the litigation, or futility for lack of merit in the proposed amendment. *Jackson,* 902 F.3d. 1385, 1386 (citing *Forman v. Davis,* 371 U.S. 178, 182 (1962). Prejudice to the opposing party is the most important factor to consider. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971). Here, Winco is not prejudiced by the amendment to delete the federal claims and the amendment would not cause undue delay. Accordingly, Mr. Trujillo's motion to amend his

complaint to delete the federal law claims in the first, second, third and fifth causes of action is granted.

**B.     Dismissal of State Law Claims and Remand**

Mr. Trujillo next requests that this Court use its discretion to dismiss the remaining state-law claims. While styled as a motion to dismiss his state law claims, Mr. Trujillo clarifies that he requests this Court to decline to exercise supplemental jurisdiction over those claims and remand this action back to the state court in which it originated. Winco does not oppose dismissal of the state law claims, but opposes remand.

Pursuant to 28 U.S.C. § 1367, district courts may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367 provides in relevant part:

> ( c) the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>   (1) the claim raises a novel or complex issue of State law,
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction....

In the preceding section of this order, this Court dismissed all claims over which it has original jurisdiction. Thus, the condition set forth in 28 U.S.C. § 1367(c)(3) is satisfied. The Court recognizes that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors...will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assoc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotations omitted); *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1143 n. 7 (9th Cir. 2003) (The court did not abuse its discretion by declining to exercise supplemental jurisdiction over the remaining state law claims).

In determining whether to remand, the Court next considers the values of economy, convenience, fairness and comity. *Acri v. Varian Assocs.*, 111 F.3d 999, 1001 (9th Cir. 1997). Here, the remaining claims are based solely on substantive state law and the state court is in the best position to apply and interpret that law. This claim was filed originally in state court, no discovery has taken place, and this Court has only considered the current motion to dismiss and remand in this action. Further, remand will not result in prejudice to Winco, because the case is at an early stage of litigation. *See Bader v.*

*Electronics for Imaging, Inc.*, 195 F.R.D. 659, 662-63 (N.D. Cal. 2000) ("[W]hile a change from federal to state court might create a tactical disadvantage to defendants, that is not legal prejudice.") (referencing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143 (9th Cir. 1982)). Accordingly, this Court declines to exercise supplemental jurisdiction over the remaining state law claims and grants Mr. Trujillo's motion to remand.

### IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Pursuant to Fed. R. Civ. P. 15, Mr. Trujillo's complaint is amended to dismiss all federal law claims, including the First, Second and Third Causes of Action and the portion of the Fifth Cause of Action that is predicated on the FLSA;
2. Pursuant to 28 U.S.C. §1367(c), the Court declines to exercise supplemental jurisdiction over Mr. Trujillo's remaining state law claims;
3. This action is remanded to the state court for further proceedings;
4. The October 22, 2007 hearing is vacated; and
5. The clerk of the Court is directed to close this case.

IT IS SO ORDERED.

**Dated:   October 18, 2007**              **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE